```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ANIL ENTERPRISES,              : Civil Action No. 07-3688 (NLH)
                               :
        Plaintiff,             :
                               :
     v.                        : **OPINION**
                               :
GETTY PETROLEUM                :
MARKETING, INC. and            :
LUKOIL AMERICAS CORPORATION,   :
                               :
        Defendants.            :

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Kendall S. Zylstra, Esquire (pro hac vice)
Stephen Connolly, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

   *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Gregory D. Saputelli, Esquire
Amanda Wyeth Figland, Esquire
Matthew Adam Green, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

   *Attorneys for Defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendants' motion to dismiss plaintiff's Complaint. For the reasons expressed below, defendants' motion will be converted into one for summary judgment and be adjourned for sixty days.

**I.   BACKGROUND**

Plaintiff, a franchisee operator of a gasoline service station that has been converted from a Mobil station to a Lukoil station, filed a three count Complaint against defendants Getty Petroleum Marketing ("Getty") and Lukoil Americas Corporation ("Lukoil"), claiming that the conversion of its station from Mobil to Lukoil is a constructive termination of its franchise agreement violative of the Petroleum Marketing Practices Act ("PMPA") and the New Jersey Franchise Practices Act ("NJFPA"). Plaintiff has also asserted a claim for breach of contract under New Jersey law.

More specifically, plaintiff's Complaint tells the story of the creation of the Mobil brand in 1920, the cultivation of its place in the market, the development of its product, services and loyalty of its customers over the years, and then its merger with Exxon, the divestment of its service stations in certain areas, and through various corporate acquisitions, its eventual purchase by defendant Getty, to which plaintiff's franchise agreements were assigned.

Plaintiff complains that even though Getty retained the right to use the Mobil name through 2010, in May 2005 Getty instituted a "Lukoil renaming program," the effect of which "was to take the plaintiff's station from a recognized, identifiable and sought out branded station to a generic station." Plaintiff

2

further complains that when Getty began the Lukoil renaming program "suddenly plaintiff was being charged the same higher price to obtain gasoline wholesale, but was now a generic station with no customer base and no brand loyalty." As a result, plaintiff contends that it had "no choice but to price on the street as if they were still Mobil stations in an attempt to sell gasoline at a loss," but it "resulted in ever shrinking volumes of gasoline sold and added to the alienation of their loyal Mobil brand customers." Based on all of this, plaintiff claims that the conversion from Mobil to Lukoil effectively terminated its franchise agreement.

Plaintiff's complaint is almost identical to the complaints filed in two other cases currently pending before this Court: Akshayraj, Inc. v. Getty Petroleum Marketing, Inc., Civil Action No. 06-2002 (NLH) and Quick Flow v. Getty Petroleum Marketing, Inc., Civil Action No. 06-2954 (NLH), which is consolidated with Akshayraj. In Akshayraj, the plaintiffs filed a seven-count complaint, which contained three of the same counts as in the instant case: (1) constructive termination of the franchise agreement in violation of PMPA, (2) breach of contract for failure to price in good faith, and (3) violation of the NJFPA. In Akshayraj, the defendants had moved to dismiss the plaintiffs' claims, but before that motion was decided, the Court heard oral argument on the plaintiffs' emergency motion for preliminary

3

injunction under PMPA because two of the plaintiffs' services stations were scheduled for conversion a few days later.  The Court denied the plaintiffs' motion.

The Court then considered the defendants' motion to dismiss, and dismissed certain claims, converted defendants' motion to dismiss to one for summary judgment on the other claims, and reserved decision on defendants' motion to dismiss Lukoil for lack of jurisdiction.  Specifically applicable to this case, the Court converted the defendants' motion to dismiss into one for summary judgment on the three claims that are also asserted here.

Following further briefing from the parties, the Court granted the converted motion for summary judgment on all of the plaintiffs' claims, including the three claims asserted here.  Because there was still one viable claim remaining[1]--a claim which had survived defendants' motion to dismiss and was not subject to defendants' converted motion--the Court was still required to determine whether personal jurisdiction existed over Lukoil.  Following more briefing, the Court determined that plaintiffs had established that Lukoil has sufficient contacts to establish personal jurisdiction.

The Court's decisions in Akshayraj are important here because plaintiff has asserted the same claims.  The final

---

[1]The only claim that remained viable was plaintiffs' claim for Breach of Contract for Breach of the Implied Covenant of Good Faith and Fair Dealing, a claim which is not asserted here.

4

resolution of Akshayraj cannot be summarily applied to this case, however, because (1) this case is at the motion to dismiss stage, and not the summary judgment stage, and (2) the proofs submitted with regard to the converted motion for summary judgment might be different here, and, thus, require a different analysis. Therefore, the Akshayraj case is only applicable at this point with regard to the Court's resolution of defendants' motion to dismiss (hereinafter "Akshayraj I"), and not with regard to the ultimate outcome of the converted motion for summary judgment (hereinafter "Akshayraj II").  With these considerations in mind, the Court will analyze defendants' motion to dismiss.

## II.  DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### B.  Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the

5

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation

6

that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C. Analysis**

In Akshayraj I, this Court converted defendants' motion to dismiss into one for summary judgment on all three of the counts

7

that plaintiff has asserted in this case.  The conversion was necessary for two reasons.  First, in the preliminary injunction hearing, the Court had already addressed the issue of whether the Lukoil renaming program amounted to a constructive termination of their franchise agreements, which was the primary issue that affected the viability of most of the plaintiffs' claims.  At the hearing, the Court held, in relevant part, as follows:

> 7.   The Third Circuit has not yet articulated whether a constructive termination claim is a viable claim under the PMPA.
>
> 8.   The Seventh Circuit has held that because PMPA contemplates remedies for an actual ending to a franchise relationship, a claim for constructive termination is untenable.  See Jet, Inc. v. Shell Oil Co., No. 02-2289, 2002 WL 31641627 (N.D. Ill. Nov. 22, 2002), aff'd, 381 F.3d 627 (7th Cir. 2004).
>
> 9.   Courts in the Fifth and Second Circuits have held that a claim for constructive termination (or nonrenewal) may be viable if the plaintiffs allege a breach of the franchise, which consists of three components: 1) a contract to use the refiner's trademark, 2) a contract for the supply of motor fuel to be sold under the trademark, and 3) a lease of the premises at which the motor fuel is sold.  See Abrams Shell v. Shell Oil Co., 343 F.3d 482 (5th Cir. 2003); Yonaty v. Amerada Hess Corporation, No. 304-CV-605FJSDEP, 2005 WL 1460411 (N.D.N.Y. June 20, 2005).
>
> 10.  If the Court were to adopt the Seventh Circuit standard, Plaintiffs would not meet the first two elements of the injunction standard for this simple reason[--] the Defendant has not actually terminated the franchise relationship.  On the contrary, the Defendants seek to continue to supply Plaintiffs with motor fuel.  Since there has not been any actual termination, Plaintiffs can not demonstrate a required element of their claim for injunctive relief.  Therefore, there is no "sufficiently serious" question going to the merits to make a fair ground for litigation and therefore no injunctive relief under the

8

PMPA.

11. If the Court were to adopt the Fifth or Second Circuits' approach, Plaintiffs would again not meet the first two elements of the injunction standard because despite Plaintiffs' contention that Lukoil is "unbranded," there is insufficient evidence on the record to conclude that Lukoil is, as Plaintiffs claim, a generic mark.

12. In fact, the existing record is to the contrary. Even though Lukoil is a relatively new trademark, it is a trademark in the classical sense: it is registered with the United States Patent and Trademark Office, it is advertised, and there is a concerted and vigorous effort to connect the name or symbol with a particular product which is sold to consumers. Affidavit of Vincent De Laurentis, ¶ 9.

13. Consequently, no evidence has been presented at this time to suggest that Lukoil is generic in nature, and all the record evidence is to the contrary. So long as Defendants continue to furnish Plaintiffs with a branded product, there is no constructive breach of the agreement. Plaintiffs are not entitled under the PMPA to the use of a particular mark. Unified Dealer Group v. TOSCO Corp., 16 F. Supp. 2d 1137 (N.D. Ca. 1998), aff'd, 216 F.3d 1085 (9th Cir. 2000). Plaintiffs' narrow construction of the statute – calling any relatively new mark "generic" - would rob market participants of the adaptability to changing market conditions and decrease competition. Both of these results are contrary to the intent of Congress when it passed the PMPA and imposed a structure on contractual relationships ordinarily left to free markets. Franchisees were to be protected from more powerful franchisors but not so much as to disrupt the ability of those same franchisors to make good faith business decisions in reaction to ever changing markets. Plaintiffs' narrow interpretation of the meaning of trademark is also contrary to the plain meaning of the statute. If Congress intended to define the franchise as one encompassing only a single mark it could have easily done so, instead choosing to define trademark as any mark. See id.

(Akshayraj I at 4-7, citing Docket Entry No. 20 at 2-5.)

The second reason that the motion to dismiss was converted

9

in <u>Akshayraj I</u> was because the Court was precluded from considering the findings of the preliminary injunction hearing in deciding defendants' motion unless the motion was converted into one for summary judgment.  (<u>Akshayraj I</u> at 8, citing <u>Lum v. Bank of America</u>, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted) (holding that although "a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion," and that a "court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment")).

Based on these two considerations, the Court then analyzed each count in the plaintiffs' complaint to determine whether the defendants' motion could be decided as a motion to dismiss, or whether it must be converted.  Accordingly, because plaintiff's claims are identical to the claims in <u>Akshayraj I</u>, the Court will follow the same path here.

### 1. Count I under the PMPA

In Count I of its Complaint, plaintiff claims that its franchise agreement was constructively terminated in violation of the PMPA when its Mobil station was converted into a Lukoil station.  Defendants first argue that plaintiff's PMPA claim fails because it did not assert its claim within the PMPA's one-

year statute of limitations.  Defendants also argue that plaintiff's PMPA claim fails because there is no cause of action under the PMPA for constructive termination.  Defendants further argue that even if there were a cause of action for constructive termination, it would not apply if the franchisee continues to enjoy the core elements or essential characteristics of the franchise, including the use of the refiner's trademark.

In <u>Akshayraj I</u> the Court rejected defendants' first argument, noting, "In their opposition brief, Plaintiffs reject Defendants' interpretation of their Complaint, stating, 'Neither of those paragraphs [referenced by Defendants] remotely allege that COP's assignment of Plaintiffs' franchise agreements was a termination of Plaintiffs' franchise agreements. . . . Defendants' position that Plaintiffs' PMPA claims were in any way related to the May 2004 assignment of the franchise agreements from COP to Getty is completely unfounded, misrepresents Plaintiffs' allegations, and is simply wrong.'" (<u>Akshayraj I</u> at 10 n.1.)  The Court held that because the plaintiffs categorically denied that they have asserted such a claim, the Court did not address defendants' argument.  The same holds true here.

Next, with regard to defendants' other arguments for dismissal, the Court in <u>Akshayraj I</u> reemphasized that the issue had already been addressed at the preliminary injunction hearing.

11

The Court recognized that the plaintiffs' Complaint stated that "Lukoil is not a branded gasoline supplier and does not sell branded gasoline," (Compl. ¶ 88) and that "Lukoil is not a branded gasoline, it is generic, comparable to Delta and Riggins, not a Mobil, Sunoco or Texaco," (id. ¶ 128). (Akshayraj I at 12.) The Court further recognized that the Complaint "did not provide any explanation, other than the plaintiffs' subjective characterization, for why Lukoil is not a brand but Mobil is, or why Lukoil is a generic like Delta but Mobil is not." (Id.) The Court noted that "[t]he claim that Lukoil is generic may be an example of a bald assertion that the Third Circuit warned against, requiring Plaintiffs' PMPA claim to be dismissed," but determined, "because this issue affects other claims in Plaintiffs' Complaint, the Court will convert Defendants' motion on this count into one for summary judgment in order to determine whether there is any substance to Plaintiffs' claim." (Id.)

This analysis must be applied here. Based on the exact same allegations as plaintiff has made in this case, the Court in Akshayraj I held that even though it had already been determined that 1) the plaintiffs had not demonstrated that their franchise was actually terminated, 2) there was insufficient evidence to conclude that Lukoil is a generic mark, and 3) because defendants continued to provide plaintiffs with a branded product, there was no termination, constructive or otherwise, of the franchise

agreements, the Court was required to provide the plaintiffs with time to identify, by affidavits or otherwise, specific facts showing that there was a genuine issue for trial on whether Lukoil is a brand or generic, which was dispositive of whether the defendants constructively terminated the franchise agreements. (Akshayraj I at 7 and 13.)  Neither plaintiff nor defendants have provided any reason for why the Court should not follow the path set forth in Akshayraj I.[2]

Accordingly, in order for the Court to consider the conclusions of law found in Akshayraj I and other cases, defendants' motion to dismiss plaintiff's PMPA claim will be converted to one for summary judgment.[3]  Unlike in Akshayraj I,

---

[2]The parties have not raised the issue of issue preclusion (collateral estoppel).  Issue preclusion applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (citations omitted).  Also of consideration is "whether the party being precluded 'had a full and fair opportunity to litigate the issue in question in the prior action,' [and] whether the issue was determined by a final and valid judgment." Id. (citations omitted).
Because of the procedural postures of this case and the Akshayraj I case, issue preclusion may not yet be applicable, but the doctrine informs the Court on how to proceed in a case that is, at the pleading stage, identical to one that came before.

[3]"When a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion, and the parties can take advantage of this opportunity only if they have 'notice of the conversion.'" In re Rockefeller Center Properties, Inc.

13

however, where defendants had already met their burden of proof due to the evidence they submitted at the preliminary injunctions hearing, defendants have not submitted the same proof here. Thus, upon conversion, defendants will have the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Nonetheless, considering that defendants will most likely submit the same or similar proofs as they did in Akshayraj I, in practical effect, the burden will ultimately be on plaintiff to show that there is a genuine issue for trial on its PMPA claim.

        2.    **Count II - Breach of Contract for Failure to Price in Good Faith**

Plaintiff claims in its second count that when it sold Mobil oil under the Mobil name, it was able to charge a few cents more per gallon. When its station was renamed to Lukoil, however, it still charged a few cents more per gallon as it had under the Mobil name, but because Lukoil is generic, and generic gasolines compete on price, "Defendants have made it impossible for the Plaintiff to compete on price and, accordingly, made it

---

Securitites Litigation, 184 F.3d 280, 287-88 (3d Cir. 1999) (citing Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989)). Notice must be "unambiguous and must fairly apprise the parties that the court intends to convert the motion." Id. (citations and quotations omitted). Notice need not be express to meet these standards, but it is recommended that courts provide express notice when they intend to convert a motion to dismiss. Id.

impossible for Plaintiff to compete." (Compl. ¶ 73-76.) Plaintiff claims that defendants' actions were not made in good faith or in a commercially reasonable fashion as required by the UCC.

In <u>Akshayraj I</u>, the Court converted the defendants' motion to dismiss into a one for summary judgment on this claim because it also depended on whether Lukoil is a "brand" or is "generic." The same will be done here.

### 3. Count III - Violation of the New Jersey Franchise Practices Act

Plaintiff claims that defendants violated the New Jersey Franchise Practices Act ("NJFPA") by terminating its franchise without good cause. Defendants argue that this claim must be dismissed because it is preempted by the PMPA. Plaintiff counters that the PMPA does not preempt constructive termination claims.

In <u>Akshayraj I</u>, the Court held that because this claim directly relates to the determination of whether the defendants constructively terminated the plaintiffs' franchise agreements, which depends on the resolution of whether Lukoil is a "brand" or is "generic," the motion was converted to one for summary judgment. Again, the Court will do the same here.

### 4. Personal Jurisdiction of Lukoil

Defendant Lukoil argues that this Court does not have

15

personal jurisdiction over it. In <u>Akshayraj</u>, the Court determined that Lukoil's contacts with New Jersey through its website credit card program was sufficient to establish personal jurisdiction. Lukoil has not presented any evidence that it has disbanded its credit card program; thus, the same contacts that were sufficient to establish personal jurisdiction in <u>Akshayraj</u> can apply here. Consequently, Lukoil's motion to dismiss for lack of personal jurisdiction must be denied.

### III. CONCLUSION

For the reasons expressed above, defendants' motion to dismiss will be converted into a motion for summary judgment as to the three counts in plaintiff's complaint. Resolution of defendants' motion on those three counts will be adjourned for sixty days in order to provide the parties with the proper notice of the conversion and the opportunity to present their proofs. An appropriate Order will be entered.

Date: April 11, 2008             <u>s/ Noel L. Hillman</u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.