```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ANIL ENTERPRISES,             :   Civil Action No. 07-3688 (NLH)
                              :
         Plaintiff,           :
                              :
     v.                       :   **OPINION**
                              :
GETTY PETROLEUM               :
MARKETING, INC. and           :
LUKOIL AMERICAS CORPORATION,  :
                              :
         Defendants.          :

**APPEARANCES:**

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
8 Kings Highway West
Haddonfield, NJ 08033

Kendall S. Zylstra, Esquire (pro hac vice)
Stephen Connolly, Esquire (pro hac vice)
Farqui & Farqui, LLP
2600 Philmont Ave, Suite 324
Huntington Valley, PA 19006

   *Attorneys for Plaintiffs*

Henry H. Janssen, Esquire
Gregory D. Saputelli, Esquire
Amanda Wyeth Figland, Esquire
Matthew Adam Green, Esquire
Obermayer, Rebmann, Maxwell & Hippel, LLP
20 Brace Road
Suite 300
Cherry Hill, NJ 08034

   *Attorneys for Defendants*

**HILLMAN**, District Judge

This matter has come before the Court on defendants' converted motion for summary judgment on all claims in plaintiff's Complaint. For the reasons expressed below, defendants' motion will be continued for thirty days.

Plaintiff, a franchisee operator of a gasoline service station that has been converted from a Mobil station to a Lukoil station, filed a three count Complaint against defendants Getty Petroleum Marketing ("Getty") and Lukoil Americas Corporation ("Lukoil") (collectively "defendants"), claiming that the conversion of its station from Mobil to Lukoil is a constructive termination of its franchise agreement violative of the Petroleum Marketing Practices Act ("PMPA") and the New Jersey Franchise Practices Act ("NJFPA"). Plaintiff has also asserted a claim for breach of contract under New Jersey law.

As discussed in the Court's April 11, 2008 Opinion regarding defendants' motion to dismiss, plaintiff's complaint is almost identical to the complaints filed in two other cases currently pending before this Court: Akshayraj, Inc. v. Getty Petroleum Marketing, Inc., Civil Action No. 06-2002 (NLH) and Quick Flow v. Getty Petroleum Marketing, Inc., Civil Action No. 06-2954 (NLH), which is consolidated with Akshayraj. In Akshayraj, the plaintiffs filed a seven-count complaint, which contained three of the same counts as in the case here: (1) constructive termination of the franchise agreement in violation of PMPA, (2) breach of contract for failure to price in good faith, and (3) violation of the NJFPA. After an involved procedural history, on December 20, 2007, the Court granted summary judgment in favor of defendants on those three claims. What remained of the Akshayraj

2

plaintiffs' case was their claim for breach of the implied covenant of good faith and fair dealing, which had survived defendants' motion to dismiss and was not converted into one for summary judgment like the other three counts.  That claim, however, was not pleaded in this case.  The Akshayraj case is still pending.

Here, when the Court was presented with defendants' motion to dismiss, the same path was taken as in Akshayraj--defendants' motion to dismiss was converted into one for summary judgment and adjourned for sixty days, which allowed plaintiff time to submit its proofs to support its claims and defend itself against defendants' motion.  After the expiration of the sixty days, defendants renewed their converted motion for summary judgment.

In its opposition to defendants' converted motion, plaintiff, recognizing that its three claims are identical to the ones that were dismissed in Akshayraj, does not dispute that those claims should be resolved in defendants' favor here as well.  Plaintiff has also recognized that those are the only claims asserted in its complaint, and that it failed to plead the one claim that is still pending in Akshayraj--the claim for breach of the implied covenant of good faith and fair dealing.  Plaintiff has requested in its opposition brief for leave to file an amended complaint containing the breach of the implied covenant of good faith and fair dealing claim.  Plaintiff states

3

that the breach of implied covenant claim was inadvertently omitted from its complaint. Defendants have opposed plaintiff's request.

Through its opposition to defendants' motion for summary judgment, plaintiff has turned defendants' motion for summary judgment into its own motion for leave to amend pursuant to Federal Civil Procedure Rule 15(a). This is procedurally improper.[1] By not opposing defendants' motion for summary judgment, plaintiff's case is effectively closed, and therefore, plaintiff has no mechanism for making such a motion. Furthermore, an opposition brief is not the proper procedure for advancing its own affirmative motion.

If the Court was to consider plaintiff's request, in determining a motion for leave to amend, amendments should be granted unless there has been undue delay, bad faith, dilatory motive, unfair prejudice, or the amendment would be futile. Fed. R. Civ. P. 15(a); Grayson v. Mayview State Hosp., 293 F.3d 103,

---

[1] Insufficiencies in a plaintiff's claims as pled cannot be cured by a brief or other documents submitted in opposition to a defendant's motion. Rather, the mechanism for curing pleading deficiencies is to file an amended complaint, or formal motion for leave to amend if an amended complaint has already been filed, pursuant to Fed. R. Civ. P. 15(a). See Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006)(upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance").

108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiff argues that it should be permitted to amend its complaint because there is no prejudice to defendants, and the omission of the missing claim was simply an inadvertent mistake.  This is somewhat disingenuous.

Plaintiff here is represented by the same counsel that is prosecuting the Akshayraj case.  Further, as plaintiff points out in its opposition brief, plaintiff owns two gas stations that are plaintiffs in Akshayraj.  Although it is unclear why plaintiff is prosecuting this claim separately from its two gas stations which are plaintiffs in Akshayraj,[2] it is clear that counsel was alerted well in advance of the filing of its June 2, 2008 opposition that the one viable claim in Akshayraj was missing in this case.  When the Court issued its Opinion on April 11, 2008, it noted that plaintiff here failed to include the breach of the implied covenant claim contained in the Akshayraj complaint.  At that time, counsel had known since December 20, 2007 that the breach of implied covenant claim was the only viable claim left in Akshayraj.

Ideally, plaintiff should have filed a motion for leave to amend as soon as the Court noted in its April 11, 2008 Opinion that the breach of the implied covenant claim was not asserted

---

[2] Indeed, if plaintiff is permitted to amend its complaint, plaintiff has requested that this action be consolidated with Akshayraj.

5

here.[3]  This would have saved defendants from needlessly preparing a converted motion for summary judgment, and would have allowed the Court to analyze plaintiff's request for leave to amend in a procedurally proper manner.  Additionally, proceeding in this manner would have most likely not implicated the exceptions for permitting amendments to pleadings.  Waiting, however, to make its request to amend until after defendants prepared and filed their summary judgment motion on claims that plaintiff was aware were unsupportable, with no explanation other than the claim was "inadvertently omitted," raises concerns of, if not bad faith and dilatory motive, at least undue delay and unfair prejudice.

The Court would be inclined to deny plaintiff's request to amend based on improper procedure, and more importantly, its undue delay in advancing such a request.  However, judicial economy warrants further analysis of plaintiff's request to amend, based solely on the representation of plaintiff's counsel that plaintiff could simply refile its amended complaint because it is not barred from doing so by any statute of limitations. (See Pl. Opp. at 3, citing <u>Lavin v. Board of Education</u>, 90 N.J.

---

[3] It could be said that plaintiff should have filed its motion for leave to amend as of September 27, 2007 when plaintiff filed its opposition to defendants' motion to dismiss, wherein defendants did not move to dismiss a count for breach of the implied covenant of good faith and fair dealing, ostensibly because it was not part of plaintiff's complaint.

145, 149 (1982) for the proposition that a six-year statute of limitations applies to its contractual claim.)  If plaintiff simply refiled a new complaint, the Court would eventually be in the same position it is in now, only many months later.  As it stands, the parties have submitted enough briefing for the Court to preliminarily analyze plaintiff's request to amend, and to determine, like defendants argue, whether the amendment would be futile.

As a primary matter, plaintiff's proposed new complaint to eliminate its previous three counts and to include a count for breach of the implied covenant of good faith and fair dealing includes claims that were dismissed at the motion to dismiss stage in Akshayraj.  Plaintiff claims that defendants' actions breached the implied covenant of good faith and fair dealing by implementing the Lukoil renaming program, "pricing under the open pricing terms contained in the Franchise Agreements, and the providing of services to the Plaintiffs."  (Proposed Amended Compl. ¶ 69.)  The Court dismissed these claims:

> First, with respect to Plaintiffs' claim that
> implementing the renaming program was a breach of the
> implied covenant of good faith and fair dealing, that
> claim fails because the franchise agreement explicitly
> allows for rebranding . . . . Second, Plaintiffs' claim
> that Defendants did not act in good faith in providing
> services to Plaintiffs fails because it is too vague
> and does not meet the notice pleading standard required
> by Fed. R. Civ. P. 8.

(Akshayraj I Opinion at 17.)  Thus, for the same reasons, it

would be futile for plaintiff to assert these claims here.

Plaintiff's new count also alleges that defendants' actions breached the implied covenant of good faith and fair dealing "by setting prices for gasoline arbitrarily, unreasonably, and capriciously and with the objective of depriving the Plaintiffs of their reasonable contractual expectations by a) artificially inflating the price charged by the Plaintiffs for gasoline; b) charging unreasonably high prices in excess of the prices charged by other suppliers in the market; and c) charging the Plaintiffs discriminatory prices that wrongfully favor company operated gasoline stations to the Plaintiffs' detriment." (Proposed Amended Compl. ¶ 70.) This claim survived defendant's motion to dismiss in Akshayraj. Defendants argue, however, that this amendment would be futile here because plaintiff has not submitted any proof to discount defendants' proof--submitted in support of their converted motion for summary judgment--that demonstrates that plaintiff could prove an injury for breach of the implied covenant of good faith and fair dealing.

Even though it is true that plaintiff did not substantively address the proof defendants included in their motion for summary judgment, that proof was offered in the context of the three claims that plaintiff agrees should be resolved in defendants' favor, and not in the context of the new claim for breach of the implied covenant of good faith and fair dealing. In

8

consideration of the practicalities plaintiffs' opposition brief-request to amend has created, the Court will allow plaintiff the opportunity to address defendants' evidence and arguments in the context of why that evidence would not render futile its request to amend its complaint.  Defendants then will be afforded the opportunity to respond to plaintiff's submission.[4]  Proceeding in this fashion will hopefully serve to correct the procedurally improper current stance of this case, and to also conserve judicial resources by preventing the refiling of a case that would simply end up in the same place, only many months down the road.

Therefore, for the reasons expressed above, defendants' motion for summary judgment will be continued for thirty days.  Plaintiff shall have two weeks to file its response to defendants' futility argument, and defendants shall have two weeks to respond to plaintiff's submission.  The Court will then determine whether defendants are entitled to summary judgment.  An appropriate Order will be entered.


Date: August 27, 2008                  s/ Noel L. Hillman

At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[4] The Court notes that defendants have submitted similar evidence to support their motion for summary judgment on a plaintiff's breach of implied covenant of good faith and fair dealing claim in the Akshayraj case.

9